(No. 5273—

SALVATORE CASTORO and JOY ANN CASTORO, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1969.*

KIRKLAND, BRADY, McQUEEN, MARTIN AND CALLAHAN, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General, MORTON L. ZASLASKY AND SAUL R. WEXLER, Assistant Attorneys General, for Respondent.

DOVE, J.

Claimants bring this action to recover for damages to their automobile. On October 15, 1965, claimants were the owners of a 1963 Chevrolet Impala automobile. On that date Salvatore Castoro parked the automobile on a private parking lot located adjacent to his employer's place of business. While the automobile was parked in

this area, it was stolen by one Michael Creed, a patient at the Elgin State Hospital, who drove it to the intersection of LaFox and Quarry Streets in South Elgin, where the automobile collided with a utility pole. Claimants are seeking to recover damages in the sum of $672.19 for repairs to the automobile, and $80.00 for rental of an automobile while claimants' vehicle was being repaired.

It appears from the record in this case that the damage to claimants' automobile amounted to the sum of $651.09, and that claimants further expended the sum of $80.42 for rental of a car from the Avis Rent-a-Car Company. It further appears that, at the time the automobile was stolen by Creed, the keys were in the ignition and the doors unlocked. Respondent contends that the act of leaving the keys in the ignition and the doors unlocked constituted contributory negligence on the part of claimant, Salvatore Castoro; that such negligence was the proximate cause of claimants' damage; and, that claimants should, therefore, be denied recovery. Respondent also contends that claimants have failed to sustain the burden of proof with respect to showing that respondent was negligent in allowing Michael Creed to escape.

With regard to claims filed for damages caused by an escaped inmate of a State institution, prior decisions of this Court clearly indicate that the State is not an insurer, and is liable for damages only if the State is negligent in allowing the inmate to escape. *Malloy* vs. *State of Illinois,* 18 C.C.R. 137; *Fern L. Huff* vs. *State of Illinois,* 22 C.C.R. 361. It was stipulated to by respondent that the automobile in question was stolen by Michael Creed, an inmate of Elgin State Hospital, after he had escaped from said institution, and while at large

on unauthorized absence. Respondent offered no testimony with respect to the question of negligence in allowing Michael Creed to escape. In *U.S. Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, the Court held that it was incumbent upon the State to come forward with evidence to show that it was not negligent in a situation such as this. Without such a showing, it will be presumed that the State was negligent, based upon the inferences to be drawn from the fact of the escape. In the case of *Finch* vs. *State of Illinois,* 22 C.C.R. 376, the Court held that, where there was nothing in the record to indicate whether or not the State was negligent in allowing a patient to escape from a State institution, that the doctrine of res ipsa loquiter would apply, and that the burden would be upon respondent to make some showing that the State was not negligent in allowing the patient to escape. Inasmuch as respondent has not offered any proof showing that it was not negligent in allowing Michael Creed to escape, this Court, therefore, concludes that claimant has borne the burden of proof that respondent was negligent in allowing the inmate to escape, and that such negligence was the proximate cause of damage to claimants' automobile.

Respondent also contends that claimants were contributorily negligent in allowing the keys to remain in the ignition and the doors unlocked at the time said automobile was stolen. In *U. S. Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, an automobile was parked in the driveway of a private residence. It was stolen by an escapee from the Dixon State School, who drove it into a parking meter. In that case the Court pointed out that there was no rule of common law requiring that keys be removed from an automobile, and the Court went on to hold that the

471

statute prohibiting the leaving of the key in the ignition of an automobile did not apply to an automobile parked on private property. In *Stanko* vs. *Zilien*, 33 Ill. App. 2d (1961), the Court held that the ''Key in the Ignition'' statute does not apply to persons who had their cars on private property, and which were stolen at a later time and driven away. The Court went on to say that the statute was not intended to apply to them, but to those who leave their cars on public highways with the ignition on, and the cars were then stolen.

It is the opinion of the Court that claimants herein were not guilty of contributory negligence in allowing the keys to their automobile to be in the ignition of the car while it was parked on the parking lot in question. It is the opinion of this Court that Sec. 189 of Chap. 95½, Ill. Rev. Stats., referred to as the ''Key in the Ignition'' statute, does not apply to a vehicle in any place other than on a public highway.

Claimants are hereby awarded the sum of $731.51.